**Slip Op. 05-88**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

_____
                                        :
WARNER-LAMBERT COMPANY,                 :
                                        :
            Plaintiff,                  :
                                        :
            v.                          :        Court No. 02-00254
                                        :
UNITED STATES,                          :
                                        :
            Defendant.                  :
_____:

## <u>JUDGMENT</u>

This matter comes before the Court pursuant to the decision of the Court of Appeals for the Federal Circuit ("CAFC") in <u>Warner-Lambert Co. v. United States</u> ("<u>Warner II</u>"), 407 F.3d 1207 (Fed. Cir. 2005), and the CAFC mandate dated July 5, 2005, reversing and remanding the judgment of the Court in <u>Warner-Lambert Co. v. United States</u> ("<u>Warner I</u>"), 28 CIT ___, 343 F. Supp. 2d 1315 (2004).

Heading 3306 of the Harmonized Tariff Schedule of the United States ("HTSUS") provides for "Preparations for oral or <u>dental hygiene</u> . . . ." <u>Id.</u> at 1319. The Court considered evidence submitted at trial, including a monograph entitled "Oral Health Care Drug Products for Over-the-Counter Human Use; Establishment of a Monograph," 47 Fed. Reg. 22,760 (May 25, 1982), published by the Food and Drug Administration ("FDA"), and consulted different definitions for "preparations" and "hygiene" from medical and

general dictionaries. See Warner I, 28 CIT at ___, 343 F. Supp. 2d at 1319-21. Based on testimony and the evidence presented at trial, the Court determined that the "term 'oral' pertains to the mouth and 'hygiene' relates to the preservation of health."[1] Id. at ___, 343 F. Supp. 2d at 1320. Accordingly, the Court held that the terms "Preparations for oral or dental hygiene" of HTSUS Heading 3306 includes "medicines made ready for the practice of preserving the health of the mouth or oral cavity." Id. The Court stated that "a finding that the subject merchandise preserves the health of the oral cavity simply because it perfumes the mouth . . . would be anomalous to the FDA's conclusion that to be considered a preparation for oral hygiene, a product must treat or prevent disease." Id. at ___, 343 F. Supp. 2d at 1321. Consequently, the Court held that the subject merchandise was classifiable under HTSUS 2106.90.99, as a food preparation not elsewhere specified or included, dutiable at a rate of 6.4 percent ad valorem. See id. at ___, 343 F. Supp. 2d at 1321-22.

Citing the Explanatory Notes to Chapter 33 of the HTSUS and the examples in Heading 3306, the CAFC, however, determined that "hygiene" does not require antimicrobial action. See Warner II,

---

[1] In its opinion, the CAFC stated that "the trial court concluded that, because 'hygiene' 'related to the presence of health,' preparations for oral hygiene are 'medicines made ready for the practice of preserving the health of the mouth or oral cavity.'" Warner II, 407 F.3d at 1210 (emphasis added).

407 F.3d at 1210. The CAFC stated that the sources consulted by this Court did not connect "health" with "hygiene" and that "[h]ygiene might lead to 'health'-but it is not 'health' itself." Id. The CAFC determined that the Explanatory Notes to Heading 3306 "expressly encompass 'oral perfumes' within the heading." Id. The CAFC further determined that the Bureau of Customs and Border Protection of the Department of Homeland Security's ("Customs") Headquarters Ruling Letter 963764, dated January 11, 2002, and the proposed classification under HTSUS 2106.90.99 "overlooked some characteristics of the imports and read the term 'hygiene' too narrowly to remain consistent with the Explanatory Notes." Id. at 1210-11. The CAFC held that Warner-Lambert Company's Certs® Powerful Mints are classifiable under Heading 33.06 of the HTSUS. Accordingly, pursuant to said decision and mandate by the CAFC, it is hereby

**ORDERED** that this Court's Opinion and Judgment in Warner I, holding that the subject merchandise should be classified and reliquidated under 2106.90.99 of the HTSUS, are vacated; and it is further

**ORDERED** that the subject merchandise shall be classified and reliquidated by Customs under 3306.90.00 of the HTSUS, in accordance with the CAFC's decision and mandate; and it is further

ORDERED that upon reliquidation, Customs shall refund all excess duties with interest as provided by law.


                                             /s/ Nicholas Tsoucalas
                                            NICHOLAS TSOUCALAS
                                              SENIOR JUDGE


Dated:     July 25, 2005
           New York, New York